IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-166-2-BR
No. 5:18-CV-577-BR

| | | |
|---|---|---|
| GEORGE LINCOLN STANLEY, IV, | ) | |
| | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 385.) Petitioner has filed a response in opposition to the government's motion, (DE # 390), and a renewed motion for discovery, (DE # 391).

## I. BACKGROUND

In 2015, a jury convicted petitioner of one count of conspiracy to commit kidnapping and one count of kidnapping. The court sentenced petitioner to life imprisonment. Petitioner appealed the court's denial of his motion for severance and the court's application of several sentencing guideline enhancements. The Fourth Circuit Court of Appeals affirmed. (DE # 357.) On 6 December 2018, petitioner filed his § 2255 motion. (DE # 376.) In response, the government filed the instant motion to dismiss.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

In his § 2255 motion, petitioner asserts three claims based on the alleged ineffective assistance of trial and appellate counsel, seeks leave of court to conduct discovery, and requests the appointment of counsel.

> To establish a claim of ineffective assistance of counsel, a defendant must show (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the deficiency prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. 2052. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. 2052. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "that, under the circumstances, the challenged action might be considered sound trial strategy." *United States v. Higgs*, 663 F.3d 726, 739 (4th Cir.2011).
> Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015) (citations omitted). "Claims of ineffective assistance of appellate counsel are examined under the same *Strickland* standards applicable to claims of ineffective assistance of trial counsel." Johnson v. United States, No. CIV.A. 5:05-0412, 2008 WL 5869692, at *4 (S.D.W. Va. June 16, 2008).

2

### A. Claim One

First, petitioner alleges trial counsel was ineffective in failing to "seriously investigate, explore, or attempt to explore a more favorable plea agreement . . . or keep [petitioner] advised of such negotiations and any opportunities for a favorable plea agreement." (Mot., DE # 376, at 9; see also id. at 3; Mem., DE # 372, at 20.) According to petitioner, "there is a reasonable probability that counsel could have obtained a plea agreement whereby [petitioner] would have testified for the government against his codefendant and would have provided other substantial assistance to the government in exchange for a downward departure in his sentence." (Mot., DE # 376, at 10; Mem., DE # 372, at 20.)

A criminal defendant has the right to effective assistance of counsel during the plea-bargaining process. Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). Not only should defense counsel inform the defendant about any offer, Missouri v. Frye, 566 U.S. 134, 145 (2012), but also, he or she must effectively counsel the defendant about whether to accept the offer, Lafler v. Cooper, 566 U.S. 156, 168 (2012). However, the government is not obligated to make any agreement in exchange for a defendant's guilty plea. Id.; accord Weatherford v. Bursey, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain."). The decision whether to initiate plea negotiations is a strategic one, meaning defense counsel's conduct is judged by objective reasonableness. United States v. Pender, 514 F. App'x 359, 361 (4th Cir. 2013) (per curiam).

Notably, petitioner does not allege counsel failed to communicate to petitioner a specific plea offer from the government. Rather, his claim focuses on counsel's purported failure to secure a plea agreement. Under such circumstances,

3

to carry his burden of demonstrating prejudice under the Sixth Amendment, Petitioner must show not only a reasonable probability that absent ineffective performance he would have accepted a plea offer and that the court would have approved it, but an additional reasonable probability that "the government would have in fact made him a particular plea offer" in the first place.

Young v. United States, No. 2:09-CR-00223-01, 2016 WL 5496517, at *9 (S.D.W. Va. Sept. 29, 2016) (citations omitted), aff'd, 685 F. App'x 181 (4th Cir. 2017).

In considering this claim, the court accepts as true petitioner's declaration that, based on his discussion with trial counsel, he knew he was facing a life sentence if he lost at trial and that he "would have accepted pretty much any kind of a deal" to avoid life imprisonment. (DE # 390-1, at 1.) The court also presumes trial counsel did not attempt to negotiate a plea agreement on petitioner's behalf with the government. (See id. ("I am not aware of any efforts by Attorney Godwin to negotiate any kind of plea agreement on my behalf.").) Additionally, the court takes judicial notice of the fact that two of petitioner's co-defendants negotiated arguably favorable plea agreements (containing cooperation provisions) with the government, which the court accepted, and ultimately resulted in the government filing motions for downward departure and reduced sentences. Given the facts *as alleged at this time*, the court will deny the government's motion to dismiss and allow petitioner's first claim to proceed.

**B. Claim Two**

In his second claim, petitioner alleges appellate counsel was ineffective by failing to challenge the court's denial of his motion to suppress. (Mot., DE # 376, at 4, 10; see also Mem., DE # 372, at 23-26.) Prior to trial, petitioner moved to suppress cell site data that law enforcement obtained pursuant to the Stored Communications Act, 18 U.S.C. § 2703, and state court orders. Relying on United States v. Graham, 796 F.3d 332 (4th Cir.), reh'g en banc

4

granted, 624 F. A'ppx 75 (4th Cir. 2015), the court concluded that although law enforcement was required to obtain a warrant before acquiring the cell site data, the good-faith exception applied, and the exclusion of the data was not required. (See 10/15/15 Tr., DE # 183, at 70.)

Petitioner is correct that counsel did not challenge this order on direct appeal. Had counsel done so, petitioner argues, the Fourth Circuit would have held his case in abeyance pending the decision in Carpenter v. United States, 138 S. Ct. 2206 (2018). In Carpenter, the Supreme Court held that the government's acquisition of cell site records constitutes a search under the Fourth Amendment, and therefore, the government must obtain a warrant before such acquisition takes place unless an exception to the warrant requirement applies. 138 S. Ct. at 2220-21. According to petitioner, based on the decision in Carpenter, the Fourth Circuit would have reversed this court. (See Mem., DE # 372, at 28; Mot., DE # 376, at 11.)

In evaluating this claim, the court first considers whether petitioner has sufficiently alleged appellate counsel's performance was deficient.

> With respect to performance, "[e]ffective assistance of appellate counsel does not require the presentation of all issues on appeal that may have merit." Indeed, "winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." But appellate counsel may render deficient performance by failing to raise "issues [that] are clearly stronger than those presented." The ineffective assistance inquiry therefore requires a court to compare the strength of an issue not raised on direct appeal . . . with the strength of arguments that were raised.
> . . . . [The court must] focus on the reasonableness of appellate counsel's conduct viewed *as of the time of that conduct*.

United States v. Allmendinger, 894 F.3d 121, 126 (4th Cir. 2018) (citations omitted) (some alterations and emphasis added).

Petitioner filed his notice of appeal in June 2016, and his appellate counsel filed his brief on appeal in May 2017. By that time, the Fourth Circuit had rendered its *en banc* decision in

5

Graham, holding that "the government does not violate the Fourth Amendment when it obtains historical [cell site data] from a service provider without a warrant," 824 F.3d 421, 425 (4th Cir. 2016), and adopting the panel opinion regrding application of the good-faith exception, see id. at 424 n.1. A month after appellate counsel filed petitioner's brief, in June 2017, the Supreme Court granted the petition for a writ of certiorari in Carpenter. 137 S. Ct. 2211 (2017) (mem.). The Fourth Circuit decided petitioner's direct appeal in October 2017. Eight months later, the Supreme Court issued its opinion in Carpenter.

When appellate counsel filed petitioner's brief on appeal, Fourth Circuit law was clear—law enforcement was not required to secure a warrant before obtaining the evidence at issue. As such, appellate counsel reasonably focused on other, stronger issues: petitioner's trial should have been severed from that of his co-defendant who was proceeding *pro se* and petitioner's sentencing guidelines range should not have been increased. Accordingly, the court concludes petitioner cannot show under the facts alleged that appellate counsel acted deficiently in this regard.

Furthermore, even if appellate counsel had challenged the denial of petitioner's motion to suppress, it is not reasonably probable the Fourth Circuit would have reversed. See Allmendinger, 894 F.3d at 131 (recognizing that to show appellate counsel's performance prejudiced him, a habeas corpus petitioner must show the appellate court likely would have reversed the district court's decision). In denying the motion to suppress, this court relied on law pertaining to the good-faith exception, and Carpenter does not impact the application of the good-faith exception in petitioner's case. See United States v. Chavez, 894 F.3d 593, 608 (4th Cir. 2018) (stating, "While *Carpent*er is obviously controlling going forward, it can have no

effect on [this] case," and holding, because investigators reasonably relied on the Stored Communications Act to obtain cell site records without a warrant, the good-faith exception applies); United States v. Martin, CRIM. NO. RDB-17-0069, 2018 WL 6606232, at *6 (D. Md. Dec. 17, 2018) ("[T]he [cell site data] is not subject to the exclusionary rule because the officers relied in good faith on then-existing precedent when they acquired it." (citations and footnote omitted)). Because petitioner cannot show appellate counsel acted deficiently by failing to raise the issue or any prejudice due to such failure, his second claim will be dismissed.

### C. Claim Three

In his third and final claim, petitioner alleges trial and appellate counsel were ineffective in several ways, which cumulatively prejudiced him. (See Mem., DE # 372, at 30-31; Mot., DE # 376, at 11-13.)

> The cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error. To prevent the synergistic effect of these errors from escaping review, courts attempt to determine whether the whole is greater than the sum of its parts.

Alvarez v. Boyd, 225 F.3d 820, 824 (7th Cir. 2000) (citations and internal quotation marks omitted); see also United States v. Basham, 561 F.3d 302, 330 (4th Cir. 2009) (recognizing on direct appeal, "Pursuant to the cumulative error doctrine, '[t]he cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error.'" (citation omitted)). However, "legitimate cumulative-error analysis evaluates only the effect of matters actually determined to be *constitutional error*, not the cumulative effect of all of counsel's actions deemed deficient." Fisher v. Angelone, 163 F.3d 835, 852 n.9 (4th Cir. 1998) (emphasis added).

The court examines counsel's purported errors set forth in petitioner's third claim.

7

Petitioner alleges:

1. Trial counsel failed give him to adequate advice about whether to proceed to trial and did not pursue a favorable plea agreement on his behalf, (Mot., DE # 376, at 11-12);

2. Trial counsel did not investigate and present at trial available exculpatory evidence and "failed to timely object to the unlawful admission of evidence by the prosecution," (id. at 12);

3. Trial counsel failed to timely request jury instructions, object to "insufficient instructions," object to the prosecution's closing argument, and to request curative instructions in response to the improper argument, (id.);

4. Trial counsel "failed to investigate or present available evidence and legal authority material to sentencing" and failed to object to evidence used to determine petitioner's sentencing guideline range, (id.);

5. Appellate counsel failed to investigate or present the strongest issues for appeal and preserve issues for collateral review, (id.); and,

6. Trial and appellate counsel labored under a conflict of interest while representing petitioner, (id. at 13).

As for the first alleged error, the court discussed that error above in conjunction with petitioner's first claim. Because the court allows that claim to proceed, the court will assume trial counsel's failure to adequately advise petitioner about proceeding to trial and failure to negotiate a favorable plea agreement was constitutional error for purposes of the cumulative error analysis.

Petitioner's next three allegations of error concern counsel's conduct during the trial and at sentencing. Petitioner generally alleges unprofessional conduct on the part of trial counsel. Other than one objection at sentencing, discussed below, he provides no specifics about trial counsel's purported shortcomings. For example, he does not allege what exculpatory evidence she should have presented at trial or to which jury instructions she should have objected.

From a review of the record, it is evident trial counsel adequately protected petitioner's rights during his trial and at sentencing. Trial counsel timely filed pretrial motions, (see, e.g., DE # 112), proposed jury voir dire, (DE # 41), proposed jury instructions, (DE # 196), objections to the presentence report, (see DE # 259, at 16-17), and a sentencing memorandum, (DE # 268). At trial, she vigorously cross-examined the government's witnesses. (See, e.g., 12/1/15 Tr., DE # 331, at 182-89, 193-95.) She objected to the admission of both testimonial and documentary evidence, (see, e.g., id. at 32; 12/3/15 Tr., DE # 333, at 127-28; 12/4/15 Tr., DE # 334, at 63), and moved for judgment of acquittal, (12/4/15 Tr., DE # 334, at 125-26, 127). She requested that certain instructions be provided to the jury, (12/4/15 Tr., DE # 345, at 3), and that the copy of the superseding indictment provided to the jury include the names of the co-defendants, (12/7/15 Tr., DE # 346, at 7-8).

At sentencing, she objected to all the specific offense enhancements to petitioner's sentencing guideline range. (6/6/16 Tr., DE # 302, at 2-9; see also PSR, DE # 259, at 16-17). Petitioner claims counsel should have objected to the sexual-exploitation-of-victim enhancement on the ground of *expressio unius est exclusio alterius*. (Pet'r Decl., DE # 390-1, at 1-2.) He argues that the enhancement lists only offenses under 18 U.S.C. §§ 2241-2244, 2251, and 2421-2423 and does not include the offense of which he was convicted, 18 U.S.C. § 1201. (Id.)

9

The court overruled trial counsel's objection to the enhancement on another ground[1] and determined that the enhancement applied based on petitioner's knowingly causing another to engage in a sexual act using force. Section 2241 covers that conduct, see 18 U.S.C. § 2241(a)(1) ("Whoever . . . knowingly causes another person to engage in a sexual act [] by using force against that other person" is guilty of an offense), and the enhancement applies although petitioner was not convicted of that offense, see U.S.S.G. § 2A4.1(b)(5) & n.3 (2015). The Fourth Circuit affirmed the court's application of this enhancement. (See DE # 357, at 7.) Trial counsel did not act deficiently at sentencing in failing to lodge this specific objection.

In summary, based on a review of the record, trial counsel acted reasonably during the trial and at sentencing. Petitioner has not plausibly alleged an error on trial counsel's part during that time.

Next, petitioner claims appellate counsel erred by not investigating and presenting the strongest issues on appeal or preserving issues for collateral review. Petitioner does not allege what issues appellate counsel should have raised or preserved. As recognized above in the discussion of petitioner's second claim, appellate counsel raised strong issues on appeal, challenging petitioner's convictions and sentence. The issues he raised were certainly stronger than the suppression issue. Without more, petitioner has not plausibly alleged appellate counsel erred in the presentation of issues on appeal.

Finally, in his third claim, petitioner alleges trial and appellate counsel had a conflict of interest while representing petitioner. Petitioner does not identify counsel's alleged interests which purportedly conflicted with their duty of representation. As such, he has failed to

---

[1] Trial counsel objected on the ground that the medical evidence did not support the conclusion that a sexual act occurred. (See 6/6/16 Tr., DE # 302, at 7.)

plausibly allege a conflict of interest error.

Because the court concludes petitioner has plausibly alleged only one error—the error regarding the negotiation of a plea agreement (also alleged in his first claim)—the cumulative effect doctrine does not apply. See Alvarez, 225 F.3d at 825 ("[I]f there was no error, or just a single error, there are no ill effects to accumulate and so a petitioner in such a case could not prevail on th[e cumulative effect] theory." (citations omitted)). The court will dismiss petitioner's third claim.

D.  **Discovery and Appointment of Counsel**

In his habeas corpus motion, petitioner requests leave to take depositions pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings. (DE # 376, at 14-15.) He renews this request in a separately filed motion. (DE # 391.) Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, a prisoner must seek leave of court and demonstrate good cause before he is entitled to any form of discovery in a federal habeas corpus proceeding. Discovery is extremely limited in such proceedings. See Bracy v. Gramley, 520 U.S. 899, 908-09 (1997). Rule 6 allows discovery in a habeas corpus proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." Id. (internal quotations marks and citation omitted).

According to petitioner, discovery is warranted because it might resolve disputed issues of fact without the need for an evidentiary hearing. The court disagrees. If material factual disputes exist, those disputes will be resolved in an evidentiary hearing. Petitioner has not shown good cause for discovery.

11

Regarding petitioner's request for appointment of counsel, (Mot., DE # 376, at 15), the court, in its direction, may appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The court is not required to appoint counsel unless "necessary for effective discovery," Rule 6(a), Rules Governing Section 2255 Proceedings, or an evidentiary hearing is ordered, Rule 8(c), Rules Governing Section 2255 Proceedings. At this time, the court concludes petitioner can adequately represent himself, and therefore, the interests of justice do not require the appointment of counsel.

### III. CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED IN PART and DENIED IN PART. Petitioner's first claim remains. Petitioner's second and third claims are DISMISSED. Petitioner's renewed motion for discovery is DENIED. Within 30 days, the government shall file an answer to the § 2255 motion. Any summary judgment motion must be filed 30 days thereafter.

This 26 March 2020.

_____
W. Earl Britt
Senior U.S. District Judge