IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:15-CR-00166-M-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| GEORGE LINCOLN STANLEY, IV, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant George Lincoln Stanley, IV's (hereinafter "Stanley") second pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [DE 506] and the United States' response in opposition to the motion (DE 512). Stanley argues again that the disparity in the length between his and others' sentences constitutes an extraordinary and compelling reason warranting a reduction of his sentence; this time, however, Stanley cites to cases he believes support his position. For the reasons that follow, Stanley's motion is denied.

**I.  Background**

Stanley filed the present motion only four months after this court issued its April 25, 2023 decision denying Stanley's first motion seeking relief under 18 U.S.C. § 3582(c)—and only weeks after the Fourth Circuit Court of Appeals dismissed his appeal of that order. *See* DE 498, 503. Except as set forth herein, the court incorporates by reference its statement of the background and procedural history of this case in the original order. *See* DE 498.

In December 2015, a jury found Stanley guilty of conspiracy to kidnap a person in violation of 18 U.S.C. §§ 1201(a)(1) and (c) and aiding and abetting the kidnap of a person in violation of 18 U.S.C. § 1201(a)(1). DE 229. On June 6, 2016, the Honorable W. Earl Britt sentenced Stanley

to a term of life in prison, followed by five years on supervised release. J., DE 270. On appeal, the Fourth Circuit ruled, *inter alia*, that the district court did not err in enhancing Stanley's sentence "based on the victim sustaining permanent or life-threatening injuries, the use of a deadly weapon, and the sexual exploitation of the victim." DE 357.

In its April 2023 order denying Stanley's first motion for compassionate release, this court made the following findings related to Stanley's current request:

> Stanley also contends that his sentence is grossly disparate from the "national average" for kidnapping sentences. While the court is required under § 3553 to consider (and this court takes very seriously) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," Stanley wholly fails to show how the circumstances underlying his offense are in any way "average," and he fails to identify (other than his co-Defendants) any defendants "with similar records who have been found guilty of similar conduct."

DE 498 at 10 (quoting 18 U.S.C. § 3553(a)(6)). Here, Stanley cites fifteen cases—ten of which contain no publication citations—and argues that he received a longer sentence than those "whose conduct [was] similar or worse than Stanley's." *See* DE 506-1 at 3-6. He also contends that, at 55 years old, he is at a lower risk of re-offending; while incarcerated, he has mentored younger inmates in using alternative dispute resolution methods and participated in numerous programs to improve himself; and the court should consider statistics demonstrating that sentence lengths have decreased in the last decade. *Id.* at 7-9.

This court appointed counsel to represent Defendant in this matter, and Richard Croutharmel entered his appearance on September 7, 2023. DE 508. However, on September 28, 2023, Mr. Croutharmel moved to withdraw stating that he "reviewed Mr. Stanley's documents in support and decided that he does not intend to file any pleadings for Mr. Stanley pursuant to his compassionate release motion." DE 509.

2

The United States filed a response to Stanley's motion on January 8, 2024, arguing that Stanley fails to demonstrate a "gross" or "enormous" disparity, as required by the Fourth Circuit, such as when a change of law reduces a sentencing range by half of what it was when applied at sentencing. DE 512. In addition, the government asserts that Stanley cannot argue that he would face a different guideline range if he were sentenced today; he has unsuccessfully appealed his sentence to the Fourth Circuit; and he has not demonstrated that the sentencing court expressed any reservations about the sentence it imposed. *See id.* Finally, the United States contends that, even if Stanley had demonstrated an extraordinary and compelling reason, consideration of the § 3553(a) factors weighs against supporting a sentence reduction in this case. *Id.*

Although provided the opportunity to do so, Defendant did not file a reply brief. In reaching its determination not to exercise its discretion to reduce Defendant's sentence, the court has considered all of the filed documents.

## II. Legal Standards

For a motion seeking relief under § 3582(c)(1)(A), a district court in its discretion may reduce a defendant's term of imprisonment if: (1) the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring such motion on the defendant's behalf *or* the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier; and (2) the court finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i);[1] *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). In deciding to reduce a sentence based on extraordinary and compelling

---

[1] Alternative grounds for a sentence reduction, inapplicable here, are outlined in § 3582(c)(1)(A)(ii) (listing that the defendant be at least seventy years old, served at least thirty years in prison, and have a BOP determination that he is not a danger to the safety of any other person or the community).

3

reasons, the court must consider the factors set forth in section 3553(a), to the extent applicable, and determine that a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Kibble*, 992 F.3d 326, 331 (4th Cir.), *cert. denied*, 142 S. Ct. 383, 211 L. Ed. 2d 204 (2021).

In its 2021 manual,[2] the Sentencing Commission outlined a non-exhaustive list of circumstances that constitute extraordinary and compelling reasons for compassionate release. *See* U.S. Sent'g Guidelines Manual § 1B1.13, cmt. n.1(A)-(C) (U.S. Sent'g Comm'n 2021) (hereinafter "U.S.S.G.") (listing terminal illness; a condition from which a defendant is not expected to recover that substantially diminishes his ability to provide self-care within the correctional-facility environment; age 65 or older; and other listed requirements or enumerated family circumstances). Notably, this version of Section 1B1.13 pre-dates the enactment of the First Step Act, which amended Section 3582 to provide defendants with direct access to the courts. Consequently, the Fourth Circuit has found that "[t]he only policy statement that possibly could be 'applicable'" was Section 1B1.13, but that provision, "[b]y its plain terms, . . . does not apply to *defendant-filed* motions under § 3582(c)(1)(A)." *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020) (emphasis added); *see id.* at 281 ("What § 3582(c)(1)(A) requires is that sentence

---

[2] The United States Sentencing Commission recently adopted a new § 1B1.13 policy statement, which became effective on November 1, 2023. At least one district court in this circuit has applied the new statement, notwithstanding that the motion in that case was filed in February 2023. *See United States v. Penniegraft*, No. 1:08CR231-2, 2024 WL 328716, at *2 n.3 (M.D.N.C. Jan. 29, 2024) (finding that the new policy statement did not "adversely affect [defendant]'s avenues for relief"); *see also* USSG § 1B1.11(b)(1)-(2) (barring the use of the manual in effect on the date of sentencing if it would violate the *ex post facto* clause, and requiring application of manual "in its entirety"). In this case, the United States argues that the 2023 policy statement applies and, in essence, narrows the scope and range of possible extraordinary and compelling reasons available to Defendant. Defendant's motion was filed *before* the new policy statement's effective date; thus, to avoid the appearance or any possibility of a constitutional violation, the court will apply the 2021 version of the USSG manual in effect at the time of the motion's filing and will consider the full range of extraordinary and compelling reasons available under *McCoy*.

4

reductions be consistent with 'applicable policy statements.' And here, that consistency requirement simply is not implicated, for the threshold reason that there currently exists no 'applicable policy statement[].'").

However, the Fourth Circuit has also recognized that Section 1B1.13, "though issued before Congress authorized defendant-filed motions, 'remains helpful guidance even when motions are filed by defendants'" for defining medical conditions that may serve as extraordinary and compelling reasons for a sentence reduction. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (quoting *McCoy*, 981 F.3d at 282 n.7); *see also United States v. Hargrove*, 30 F.4th 189, 197-98 (4th Cir. 2022) (approving consideration of § 1B1.13, BOP Program Statement 5050.50, and other factors). Moreover, the appellate court has determined that "the district court may consider any extraordinary and compelling reasons raised by the defendant as well as review § 1B1.13 to determine whether there is a sufficient 'extraordinary and compelling circumstance' warranting a sentence reduction." *United States v. Jenkins*, 22 F.4th 162, 169–70 (4th Cir. 2021); *see also McCoy*, 981 F.3d at 284 ("district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'") (citation omitted) (emphasis in original).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing that such relief is warranted. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). The court may deny a defendant's motion based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist. *See Kibble*, 992 F.3d at 331-32. Notably, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

5

## III. Analysis

Based on the requirements of § 3582(c)(1)(A), the court must consider (1) whether he exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reason(s) exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

### A. Timeliness

The Fourth Circuit has determined that the requirement to exhaust administrative remedies prior to filing a motion under § 3582(c)(1)(A) is "non-jurisdictional, and thus waived if it is not timely raised." *Muhammad*, 16 F.4th at 129 (citing *United States v. Marsh*, 944 F.3d 524, 529 (4th Cir. 2019)). Like his first motion, there is no indication here that Stanley submitted a request to his warden seeking compassionate release, as required by statute and the applicable BOP policy; however, the United States did not raise this issue as a defense and, therefore, the requirement is waived. *See id.*

### B. Extraordinary and Compelling Reason Under § 3582(c)(1)(A)

The Fourth Circuit has determined that courts may consider as an extraordinary and compelling reason to reduce a sentence "the 'gross disparity' between [the defendant's] sentence[] and the sentences Congress now believes to be an appropriate penalty for the defendant['s] conduct." *McCoy*, 981 F.3d at 285. The United States is correct that Stanley fails to demonstrate here any change in the law that would reflect a gross or unusual disparity in a sentence imposed today compared to the sentence he received in 2016.

6

Rather, Stanley cites "cases"—ten for which he provides only a case number and what appear to be judges' initials[3]—supporting his position that his life sentence is unusually disparate compared to sentences imposed in the cited cases. Even assuming the court is authorized to consider this information to determine whether Stanley is eligible (i.e., whether he has stated an extraordinary and compelling reason) for relief under § 3582(c)(1)(A), the cases Stanley lists, which contain no actual citation, lack necessary information for the court to determine whether they involve "defendants with similar records."[4] *See* 18 U.S.C. § 3553(a)(6).

Furthermore, those cases for which Stanley provides citations are clearly distinguishable from this case. For example, in *United States v. Gray*, No. CR CCB-95-364, 2021 WL 1856649 (D. Md. May 10, 2021), the court granted compassionate release to a defendant who received a *mandatory* life sentence (pre-*Booker*), had served twenty-seven years of that sentence, was suffering from serious health conditions, demonstrated exemplary conduct while incarcerated, and submitted twenty-six letters of support documenting his personal growth and efforts to improve others' lives. *Id.* at *4-*5. Likewise, in *United States v. Perez*, No. 3:02CR7 (JBA), 2021 WL 837425 (D. Conn. Mar. 4, 2021), the defendant received a mandatory life sentence (pre-*Booker*), had served twenty-three years of that sentence, and was suffering from serious health conditions; additionally, two Assistant United States Attorneys who prosecuted the defendant wrote a letter of support stating their beliefs that his criminal conduct did not support a life sentence. *Id.* at *4-*6.

---

[3] The listed judges' initials do not match any of the judicial officers currently sitting in the Eastern District of North Carolina.

[4] The Fourth Circuit instructs that courts need not address vague, unsupported arguments by pro se litigants, saying "[j]udges are not like pigs, hunting for truffles buried in briefs." *Walker v. Prince George's Cnty., MD*, 575 F.3d 426, 429 n.* (4th Cir. 2009) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

7

In *United States v. Tidwell*, 476 F. Supp. 3d 66, 69 (E.D. Pa. 2020), the court granted compassionate release to a 62-year-old defendant who had received a mandatory life sentence (pre-*Booker*), served twenty-four years of that sentence as a "model" inmate, and suffered from several health conditions, including metastatic (terminal) prostate cancer, during the early months of the COVID-19 pandemic. *Id.* at 76-79. Similarly, in *United States v. Ramsay*, 538 F. Supp. 3d 407, 410 (S.D.N.Y. 2021), the court reduced a mandatory life sentence to 360 months for a defendant whose sentencing judge "expressed doubts" about the length of the sentence and who served twenty-five years of that sentence and submitted "many" supportive letters reflecting the defendant's substantial maturity since the time of his criminal conduct when he was only eighteen years old. *Id.* at 412-414. Finally, in *Brown v. United States*, No. CR ELH-00-0100, 2020 WL 7425328 (D. Md. Dec. 17, 2020), the court granted compassionate release to a 71-year-old defendant who had received a mandatory life sentence, served twenty years of that sentence, and suffered from various medical conditions, including hypertension and obesity, during the first year of the COVID-19 pandemic.

Unlike these defendants, Stanley received a life sentence based on an advisory guidelines range, has served less than ten years of his sentence, and has provided no evidence of an exemplary custodial record or the expressed doubts of the sentencing judge or prosecuting attorneys as to the length of his sentence. Stanley also argues that he is in his "mid 50's" and "highly unlikely to offend again or pose any threat to the community." DE 506-1 at 8. However, unlike in *Ramsay* for example, Stanley was a mature adult at forty-six years old when he committed the crimes for which he was convicted and sentenced. The court finds Stanley has not demonstrated an extraordinary or compelling reason justifying a sentence reduction based on any purported disparity. Moreover, the court is mindful that Stanley has already raised sentence "disparity"

arguments before Judge Britt and the Fourth Circuit, who addressed and rejected these arguments; the appellate court found no error by the district court in its conviction and sentencing of Stanley.

Finally, the court has again considered, and finds inapplicable to Stanley the Sentencing Commission's list of other circumstances that can constitute extraordinary and compelling reasons for compassionate release. U.S.S.G. § 1B1.13, cmt. n.1. Mindful that Section 3582(c)(1)(A)(i) "set[s] an exceptionally high standard for relief" (*McCoy*, 981 F.3d at 288), the court concludes that Stanley has failed to present extraordinary circumstances justifying his early release. *See United States v. Broome*, No. 3:19-cr-384-MOC, 2022 WL 893110, at *4 (W.D.N.C. Mar. 25, 2022) ("the circumstances that Defendant cites do not amount to a 'truly exceptional case[ ].'") (quoting *McCoy*, 981 F.3d at 287-88).

C.  Consideration of the § 3553(a) Factors

Although not required to do so,[5] the court also finds that consideration of the factors set forth in 18 U.S.C. § 3553(a) weighs against granting Stanley's motion. The court incorporates by reference its analysis and findings set forth in the April 25, 2023 order. In the present motion, filed four months later, Stanley fails to add any meaningful information or evidence for the court to consider in its § 3553(a) analysis. The court has fully considered the § 3553(a) factors and concludes that the purposes of Stanley's sentence remain unfulfilled.

---

[5] The Fourth Circuit has instructed that a district court must consider § 3553(a) factors if it "***first*** finds that 'extraordinary and compelling reasons warrant such a reduction.'" *Jenkins*, 22 F.4th at 170 ("***If*** a district court finds that a defendant has demonstrated 'extraordinary and compelling reasons' for release, it must ***then*** consider the § 3553(a) sentencing factors 'to the extent that they are applicable'") (emphasis added).

9

## IV. Conclusion

For these reasons, Stanley's motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A) [DE 506] is DENIED.

SO ORDERED this 30th day of October, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE